# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9227 | **DATE** | 11/24/2003 |
| **CASE TITLE** | ODESSA HUDSON vs. IL DEPARTMENT OF HUMAN SERVICES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/5/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants in part and denies in part IDHS' motion [22-1]. The motion is granted as to Hudson's ADEA and ADA claims, as well as, her request for punitive damages. The motion is denied as to Hudson's Title VII religious discrimination claim, and only that claim remains.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 25 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | CG  courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ODESSA HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| ILLINOIS DEPARTMENT OF ) | 02 C 9227 |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
NOV 2 5 2003

## MEMORANDUM OPINION AND ORDER

Odessa Hudson ("Hudson") has sued the Illinois Department of Human Services ("IDHS") for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Before the Court is IDHS' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part the motion.

## FACTS

From 1971 to 2001, Hudson was employed at IDHS as an office associate. (Am. Compl. ¶¶ 4, 14.) On April 6, 2001, Hudson filed a charge with the Equal Employment Opportunity Commission ("EEOC") stating that she had been the subject of undue harassment due to her age and religion. (*Id.* ¶¶ 7, 28-30.) Among other things, Hudson

claimed that she was denied medical leave, was forced to undergo an independent medical examination, and was sent notice that she must either retire or resign because IDHS perceived her as having a disability. (*Id.* ¶¶ 22-29.)

On September 27, 2002, the EEOC issued Hudson a Notice of Right to Sue letter. (*Id.* ¶¶ 10-11.) Accordingly, Hudson filed a complaint in this Court. Hudson asks this Court for an Order directing IDHS to re-instate her, as well as, other appropriate injunctive relief. (*Id.* ¶ 32.) Hudson also requests lost wages, costs, compensatory and punitive damages. (*Id.*)

## DISCUSSION

IDHS raises several grounds for dismissal. First, IDHS argues that Hudson's ADEA and ADA claims are barred by the Eleventh Amendment and, in the alternative, that Hudson does not state a valid cause of action under the ADA. Next, IDHS opines that Hudson fails to state a valid claim under Title VII. Lastly, IDHS argues it is statutorily exempt from punitive damages.

### I. ADEA and ADA Claims

A Rule 12 (b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction. *Manos v. Caira,* 162 F. Supp. 2d 979, 986 (N.D. Ill. 2001) (citing FED. R. CIV. P. 12(b)(1)). "'The Seventh Circuit considers Eleventh Amendment immunity to be a jurisdictional bar.'" *Id.* at 987 (quoting *Hodgson v. Miss. Dep't of Corr.,* 963 F. Supp. 776, 783 (E.D. Wis. 1997)).

The Eleventh Amendment provides: "The Judicial power of the United States

2

shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. Although the language suggests that the Amendment only applies to suits against a State by citizens of another State, the Amendment has been interpreted as extending to suits brought by citizens against their own states. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 669-70 (1999); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996).

There are two well-recognized exceptions to the Eleventh Amendment. First, a state may consent to suit brought by a private citizen. *Kimel*, 528 U.S. at 73. Second, Congress may abrogate the states' Eleventh Amendment immunity under § 5 of the Fourteenth Amendment. *Garrett*, 531 U.S. at 363 (citing *Kimel*, 528 U.S. at 73). To abrogate the Eleventh Amendment, Congress must unequivocally intend to do so and "act pursuant to a valid grant of constitutional authority." *Id.* The Supreme Court in *Kimel v. Fla. Bd. of Regents* held that the ADEA was not a valid exercise of Congress' power to abrogate the states' Eleventh Amendment immunity. 528 U.S. at 91. The Supreme Court in *Board of Trustees of the University of Alabama v. Garrett* reached a similar holding in regard to Title I of the ADA. *Garrett*, 531 U.S. at 360. As such, federal courts do not have jurisdiction to hear these types of claims unless the state consents. *Id.*; *Kimel*, 528 U.S. at 91.

In the case at hand, it is clear that Hudson, a private individual, is suing a department of the state of Illinois, which has not consented to litigation. IDHS is

3

statutorily defined as a department of state government. 20 ILL. COMP. STAT. 5/5-15 (2003). Hudson, in response to the motion to dismiss, concedes that because IDHS is a state department, the Eleventh Amendment bars her from seeking monetary damages. However, she contends that she is not prohibited from seeking injunctive relief. Hudson's contention is misplaced.

In *Kimel*, the plaintiffs, similar to Hudson, sought injunctive and monetary relief under the ADEA. *Kimel*, 528 U.S. at 69-70. The Court dismissed the entire case because it impeded upon the States' sovereign immunity. *Id.* at 91. Thus, it is clear that the Eleventh Amendment bars jurisdiction of ADEA claims even if a plaintiff seeks injunctive remedies.

Although the holding in *Garrett* was narrower in that it specified that monetary damages be prohibited, it appears that the U.S. Supreme Court intended that injunctive relief be barred as well. In *Seminole Tribe of Florida v. Florida*, the Supreme Court stated that "the type of relief sought is irrelevant to the question of Eleventh Amendment immunity." 517 U.S. at 58. Moreover, the Seventh Circuit took an extensive approach when it held that an individual cannot sue a state under Title I of the ADA. *Erickson v. Bd. of Governors of State Colls. & Univs. for Northeastern Ill. Univ.*, 207 F.3d 945, 952 (7th Cir. 2000). Such a blanket statement refers to both monetary and injunctive remedies. Additionally, in *Molinari v. State of Illinois*, the district court held that the Eleventh Amendment bars a plaintiff from seeking injunctive relief under the ADA when the plaintiff is suing the state. No. 01 C 2474, 2001 WL 849748, at *2 (N.D. Ill. July 27, 2001).

Accordingly, this Court lacks subject matter jurisdiction to hear plaintiff's ADEA

and ADA claims. Because the Court dismisses Hudson's ADA claim for want of jurisdiction, the Court need not address defendant's other arguments in support of the motion to dismiss.

## II. Title VII Claim

To survive a motion to dismiss made pursuant to Rule 12 (b)(6), a plaintiff's complaint only needs to contain a short and plain statement of the claim in order to put the defendant on fair notice. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). A complaint does not need to spell out every element of a legal theory. *Hemenway v. Peabody Coal Co.,* 159 F.3d 255, 261 (7th Cir. 1998). When considering a motion to dismiss, this Court views the complaint's facts in a light most favorable to the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis.,* 167 F.3d 1170, 1173 (7th Cir. 1999).

IDHS incorrectly argues that Hudson, in order to survive the motion to dismiss her religious discrimination claim, must demonstrate a *prima facie* case under the *McDonnell Douglas* standard. IDHS contends that Hudson would have to demonstrate that: (1) she belongs to some protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) IDHS treated similarly situated employees outside of her classification more favorably.

However, the U.S. Supreme Court flatly rejected this argument in *Swierkiewicz v. Sorema N.A.* and held that a *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement that a plaintiff must satisfy to survive a motion to dismiss. 534 U.S. 506, 510-11 (2002). Accordingly, accepting IDHS' argument would

5

prematurely require Hudson to present evidence rather than simply provide notice to IDHS of her religious discrimination claim.

The Seventh Circuit has similarly addressed this issue. In *Bennett*, the plaintiff alleged racial discrimination, and the Court held that an allegation that "I was turned down for a job because of my race" was satisfactory. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). In *Scott*, another Title VII case, the defendant argued that the plaintiff's complaint needed to identify with more specificity the adverse employment actions. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). The Court rejected this argument holding that the complaint was sufficient because the City knew what conduct it was being accused of and who was being accused of the discrimination. *Id.* at 952.

It is clear that Hudson's complaint, like those in *Bennett* and *Scott*, provides IDHS with sufficient notice of her religious discrimination claim. In her Amended Complaint, Hudson states that she was a member of the Evangelist religion. (Am. Compl. ¶ 29.) She claims that she was subjected to undue harassment and demeaning remarks directed at her religious practices. (*Id.* ¶¶ 17, 19.) She contends that her job performance was satisfactory and that any charges of poor job performance were false. (*Id.* ¶ 15.) Hudson points out that she was "written-up" and argues that other employees who were not Evangelist were "not written up under similar circumstances, and/or at least were given information regarding the reasons for their write-ups." (*Id.* ¶¶ 20-21.) Lastly, Hudson alleges that she was forced to retire. (*Id.* ¶¶ 22-26.) These allegations go well beyond what was required in *Bennett* and *Scott* and provide IDHS with detailed notice of Hudson's religious discrimination claim. Accordingly, IDHS' Motion to

Dismiss Hudson's Title VII religious discrimination claim is denied.

### III. Request for Relief in Form of Punitive Damages

42 U.S.C. § 1981a exempts governmental agencies from judgments for punitive damages. This section is applicable to this case, because it deals with claims arising under Title VII. 42 U.S.C. § 1981a(a)(1) (2003). 42 U.S.C. § 1981a(b)(1), with emphasis added, provides in pertinent part:

> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency, or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

For purposes of this statute, a state agency is considered a governmental agency. *Krawczyk v. Re*, 37 F. Supp. 2d 1106, 1109 (N.D. Ill. 1999); *McInnis v. N.C. Dep't of Env't & Natural Res.*, 223 F. Supp. 2d 758, 763 (M.D.N.C. 2002). Because IDHS is a state agency, it is exempt from judgments for punitive damages.

In *Baker v. Runyon*, a case in which the plaintiff sued the U.S. Post Office, the Seventh Circuit Court of Appeals held that pursuant to 42 U.S.C. § 1981a(b)(1), governmental agencies are exempt from punitive damages under Title VII. 114 F.3d 668, 669 (7th Cir. 1997). Besides relying on the plain meaning of the statute, the Court explained that punitive damages, when awarded against governmental entities, do not serve their intended deterrent purpose. *Id.* at 672. "[A]n award of punitive damages against a [government agency] 'punishes' only the taxpayers, who took no part in the commission of the tort." *Id.* (quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

7

247, 267 (1981)) (alteration in original). Although *Baker* dealt with a federal agency, this policy argument is equally applicable to state agencies such as IDHS.

Thus, it is clear that under 42 U.S.C. § 1981a(b)(1), Hudson is precluded from seeking punitive damages from IDHS. Accordingly, the Court grants defendant's motion to dismiss with regard to plaintiff's request for punitive damages.

## CONCLUSION

For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part IDHS' Motion to Dismiss [doc. no. 22-1]. The motion is granted as to Hudson's ADEA and ADA claims, as well as, her request for punitive damages. The motion is denied as to Hudson's Title VII religious discrimination claim, and only that claim remains.

**SO ORDERED**   ENTERED: 11/24/03

HON. RONALD A. GUZMAN
**United States Judge**